IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:19-cv-79-BO

| | | |
|---|---|---|
| CAESAR MANIGAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| STATE OF NORTH CAROLINA, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Memorandum and Recommendation ("M&R") of United States Magistrate Judge Kimberly Swank. [DE 7]. For the following reasons, the Court ADOPTS the M&R and DISMISSES plaintiff's claims.

BACKGROUND

Plaintiff brings this action against the State of North Carolina, a defense contractor, and numerous federal and state governmental agencies seeking injunctive relief and damages resulting from their alleged disclosure of classified information and false claims. Plaintiff purports to bring claims for (i) disclosure of classified information in violation of 18 U.S.C. § 798; (ii) gathering, transmitting, or losing defense information in violation of 18 U.S.C. § 793; (iii) computer trespass in violation of 18 U.S.C. § 1030; (iv) violation of the False Claims Act, 31 U.S.C. § 3729 *et seq.*; and (v) violation of 32 C.F.R. § 2001.48, a regulation promulgated by the Information Security Oversight Office, National Archives and Records Administration, concerning the loss, possible compromise, or unauthorized disclosure of classified information. Plaintiff also appears to request review of a tort claim filed with the North Carolina Industrial Commission.

On December 18, 2019, Magistrate Judge Swank recommended that plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous or for failure to state a claim upon which relief can be granted. Plaintiff filed an objection to the M&R.

## DISCUSSION

A district court is required to review an M&R *de novo* if the plaintiff specifically objects to it or in cases of clear error. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). The district court is only required to make a *de novo* determination of those specific findings to which the plaintiff has actually objected. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Here, plaintiff has filed a rambling objection to the Magistrate Judge's M&R that seems to interpret the M&R as objections filed by defendants. Defendants have not yet appeared in the case.

The only specific objection the Court can glean from plaintiff's filing is that he takes issue with the Magistrate Judge's FCA analysis, specifically, the M&R's reference to Rule 9(b)'s pleading standards. Reviewing plaintiff's complaint *de novo*, it is clear he has failed to state an FCA claim. Plaintiff's passing reference to a defense contractor's billing for work that was unnecessary or not performed has no supporting factual detail and is insufficient under Rule 8, much less the heightened pleading standards of Rule 9.

Finding no other specific objections to the findings of the M&R, the Court considers whether the M&R is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court finds no clear error in the Magistrate Judge's decision, and therefore adopts the M&R.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS the Magistrate Judge's recommendations [DE 7] and DISMISSES plaintiff's claims as frivolous and for failure to state a claim. The Clerk is DIRECTED to close the case.

SO ORDERED, this _6_ day of March, 2020.

                                             *Terrence Boyle*
                                             TERRENCE W. BOYLE
                                             UNITED STATES DISTRICT JUDGE

3